# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD C. JOHNSON, JR., | ) | Case No.  1:06cv2680 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| SHAKER HEIGHTS CITY | ) | |
| SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

At issue in this Order are two Motions filed by Pro Se Plaintiff Edward Johnson:

(1) a Motion to Request Recusal of Judge of Record/Conflict of Interest ("Motion for Recusal"),

filed on February 9, 2007 **(ECF No. 14)**; and (2) a Motion Requesting Appointment of Legal

Counsel (Representation) ("Motion for Counsel"), filed on February 12, 2007 **(ECF No. 16)**.[1]

Defendant Shaker Heights City School District (the "School District") filed a Memorandum in

Opposition to Plaintiff's Motion for Recusal on February 28, 2007 (ECF No. 19).  The School

District has not filed an opposition brief to Plaintiff's Motion for Counsel, and the motion is

---

[1]Johnson also filed an Amended Complaint on January 31, 2007, in which he sought to add
as defendants Squire, Sanders & Dempsey L.L.P., Mr. Michael Carey, Dr. Paul Freedman, MD.,
and the Equal Employment Opportunity Commission ("E.E.O.C.") (ECF No. 13).  I subsequently
denied Johnson leave to add the above-named entities or individuals as defendants in the case and
ordered that the four purported defendants be stricken from the case in an order issued February 12,
2007 (ECF No. 15).  Johnson has appealed my February 12, 2007 order to the Sixth Circuit (ECF
No. 18).

therefore unopposed.  For the reasons to follow, I **DENY** Plaintiff's Motion for Recusal, and

**GRANT** Plaintiff's Motion for Counsel.

## I.  BACKGROUND

This case involves a suit brought by Johnson against the School District, his

former employer.  Johnson alleges unlawful discrimination based on race and disability, as well

as retaliation claims connected to the alleged discrimination.  The School District filed a timely

answer to Johnson's Complaint (ECF No. 4), and I subsequently scheduled a Case Management

Conference ("CMC") for January 9, 2007 in Chambers 18B of the Carl B. Stokes United States

Federal Courthouse in Cleveland, Ohio.  (See ECF No. 5, Case Management Conference

Scheduling Order.)  The School District, in advance of the CMC, filed a motion for leave that

would allow the District's insurance carrier representative to attend the CMC by telephone (ECF

No. 6).  I denied that motion, and thus all persons necessary to settle this case were present at the

CMC.[2]  Johnson also filed a Demand for Relief before the CMC, in which he demanded

approximately $3.3 million, taxes on the settlement amount paid by the School District, and

"family medical coverage" for three years to settle the case.  (ECF No. 8.)[3]

At the outset of the CMC on January 9, 2007, I advised the parties that I reside in

the Shaker Heights City School District, and that my children attended its schools.  I also

informed the parties that I had (and have) no specific knowledge about the facts and

circumstances alleged in this case, and that I did not feel that this fact precluded me from

_____

[2]David Millstone (Legal Counsel for the Shaker Heights School Board), Bradley Pitzer (the Board's Insurance Carrier Representative) and counsel for the School District all attended the CMC on the District's behalf.  Johnson attended the CMC pro se.

[3]I assume that Johnson filed this Demand to comply with the instructions contained in the CMC Scheduling Order.

presiding over the matter impartially and fairly.  I then asked if either party had any objections

with respect to my continuing to preside.  Both Johnson and the School District expressly stated

that they had no such objections.

   With the agreement of both parties, I attempted to engage the parties in

preliminary settlement discussions, as I customarily do, in the hopes of avoiding further

unnecessary and expensive litigation.  As in any similar type of settlement discussion, I

requested that each side discuss their respective positions.  I asked Johnson to state the factual

basis for his discrimination claims, and then provided counsel for the School District with a

chance to respond.  After hearing each side's respective positions, I requested to caucus privately

with each side, to ascertain whether settlement might be possible.  Each side agreed to my

doing so.

   These private caucus conversations included a candid discussion about how I

perceived the jury might view the evidence, the relative legal strengths and weaknesses of the

particular party's position, what each side would need to prove to prevail if the case went to trial,

and other similar issues necessary for the party to consider in potentially reaching a settlement.  I

also tried to explain to Johnson the issues the School District, like any defendant, would most

likely raise in a motion for summary judgment.  Despite my efforts, a settlement was not

forthcoming, and as such I set a litigation schedule.

   Johnson filed his Motion for Recusal approximately one month later.  In his

Motion for Recusal, Johnson cites statements made in the course of the CMC as evidence that I

should recuse myself "because of a serious conflict of interest."  Johnson variously contends that

I "disregarded [his] argument[s]," "made . . . argument[s] for the Defendant," and "totally

disregarded" and did not consider purported documentary evidence that Johnson brought to the

CMC.  Moreover, Johnson "wonder[s] how can false evidence be submitted to dispute

[his] claim."

## II.  LAW AND ANALYSIS

### A.  Plaintiff's Motion for Recusal

The main federal recusal statute provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding <u>in which his impartiality might reasonably be questioned</u>.
> (b) He shall also disqualify himself in the following circumstances: (1) Where he <u>has a personal bias or prejudice concerning a party</u>, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

*Bell v. Johnson*, 404 F.3d 997, 1004-1005 (6th Cir. 2005) (citing 28 U.S.C. § 455(a)-(b)

(emphasis added in *Bell*).[4]  Additionally, for recusal under § 455(a), a court must determine

whether "an objective, disinterested, lay observer fully informed of the facts underlying the

grounds on which recusal was sought would entertain a significant doubt about the judge's

impartiality."  *See Brown v. Brock*, 2006 WL 509563 (11th Cir. 2006) (citing *United States v.*

*Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)).

The facts in *Bell* are somewhat analogous to the instant case.  In *Bell*, the district

---

[4]The School District's opposition brief discusses recusal pursuant to both 28 U.S.C. §§ 455 and 144.  "However, the Supreme Court has explained that subsection (b)(1) of § 455 'entirely duplicates the grounds of recusal set forth in § 144 ('bias or prejudice'), but (1) makes them applicable to all justices, judges, and magistrates (and not just district judges), and (2) places the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit. . . . Accordingly, it is not necessary . . . separately to address § 144.'"  *Bell*, 404 F.3d at 1005 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).  Moreover, Johnson did not invoke either of the recusal statutes, nor did he file an affidavit in accordance with § 144.

judge granted a new trial on the issue of damages and declined to recuse himself after allegedly

making several challenged comments at an off-the-record status conference during which the

judge was trying to facilitate a settlement.  *See Bell*, 404 F.3d at 999.  The new trial resulted in a

higher damages award for the plaintiff, and the defendant appealed, claiming *inter alia* that the

judge should have granted the defendant's motion to recuse.  *Id.* at 1001-02.

 A panel of the Sixth Circuit affirmed the district judge's decision.  *Id.* at 1006.

The circuit court reasoned that the district judge's comments and actions were "simply an effort .

. . to facilitate a settlement potentially advantageous to both parties by providing them with more

complete information about the potential outcome of a new trial."  *Id.* at 1005-06.  Similar to the

instant case, there was "no allegation that the district judge disclosed [information about the

case] only to a single party, or that he made the disclosure to one party before sharing it with the

other."  *Id.* at 1006.

 Moreover, the court reasoned that "the district judge's statement that he was

inclined to [decide a particular issue in one party's favor] showed neither bias nor the appearance

of partiality."  *Id.*  Instead, "the district judge was simply providing the parties with additional

information that might affect their decisions as to whether it would be appropriate to settle the

case."  *Id.*  The court explained that "an opinion of the merits of the case, resulting from a

judge's experience with the case in the course of his or her official duties, is not sufficient to

justify § 455 recusal unless it demonstrates a 'deep-seated favoritism or antagonism that would

make fair judgment impossible.'"  *Id.* (citing *Liteky*, 510 U.S. at 555).

 I find the *Bell* court's language instructive in this case.  Johnson alleges that certain

statements that I made at the CMC demonstrate that I have a conflict of interest and a bias

against Johnson.  Johnson is mistaken.  My comments merely reflect my efforts (honed in settling a few cases from time to time) to facilitate settlement in this case, and to provide the parties with the information that might affect their decision.  Similarly, providing a private and candid assessment of each party's case showed no bias against or in favor of either Johnson or the School District, nor an appearance of partiality.  In more than eight years as a federal district judge, settling hundreds of civil cases has taught me the efficacy of this pragmatic approach to helping the parties reach a settlement agreement.  *See, e.g.*, Dan A. Polster, *The Trial Judge as Mediator: A Rejoinder to Judge Cratsley*, THE MAYHEW-HITE REPORT ON DISPUTE RESOLUTION AND THE COURTS, Vol. 5, Iss.1, http://moritzlaw.osu.edu/jdr/mayhew-hite/vol5iss1/lead.html.  As explained by my fellow jurist Judge Castillo,[5] "there would be little point to judicial involvement in settlement talks if a judge were not permitted to make recommendations based on his perceptions of the merits of the case as presented" to that point in the litigation.  *Fairley v. Andrews*, 423 F. Supp. 2d 800, 818 (D. Ill. 2006).

Additionally, I find that the mere fact that I reside within the attendance boundaries of Shaker Heights School District and may therefore have commonly-held knowledge of events that occurred in the district is not enough that an objective lay observer would have serious doubts about my impartiality.  More importantly, I have no knowledge of, or information about, the facts of Johnson's claims beyond what has been alleged in the case thus far.  Finally, I reemphasize that I disclosed my tangential connection to Shaker Heights School District at the outset of the CMC, and both parties agreed to continue anyway.

_____

[5]United States District Judge Ruben Castillo sits in the Northern District of Illinois, Eastern Division.

A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and fact require." *See Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002). I find that there is no legitimate reason for me to recuse myself in this case, and thus I have a "strong duty" to remain on this case. Accordingly, Johnson's Motion to Recuse is hereby **DENIED.**

### B. Plaintiff's Motion for Counsel

Johnson's Motion for Counsel declares that he is "at a serious disadvantage" in this case because of his pro se status. It is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is not similar right to counsel in civil litigation. I note, however, a recently-adopted Local Civil Rule that allows the courts of the Northern District of Ohio to appoint pro bono counsel to represent a pro se litigant in some situations.

> Local Civil Rule 83.10 provides as follows:
>
> At the discretion of the judicial officer, counsel may be assigned to represent a pro se litigant in a civil case pursuant to the Court's Pro Bono Civil Case Protocol. . . . Assignment of counsel is not a right of a pro se litigant but may be utilized in those limited cases where the judicial officer believes such an assignment is warranted. Pursuant to the Protocol, a judicial officer may instruct the Clerk's Office to select counsel with experience in the subject matter of the case from the list of attorneys who have volunteered to provide Pro Bono services. The Court will reimburse assigned counsel, pursuant to the Pro Bono Civil Case Protocol, for certain expenses incurred in providing representation up to $1,500.

N.D. Ohio Local Rule 83.10 (emphasis added). I conclude that assignment of counsel to represent Johnson is appropriate. Accordingly, Johnson's Motion for Counsel is hereby **GRANTED**. Attorney Eric Norton of the Norton Law Firm is hereby appointed to represent the plaintiff in the above-captioned case.

## III.  CONCLUSION

For the reasons stated above, Johnson's Motion for Recusal **(ECF No. 14)** is hereby **DENIED**, and Johnson's Motion for Counsel **(ECF No. 16)** is hereby **GRANTED**.

**IT IS SO ORDERED.**


*/s/Dan Aaron Polster*       *March 12, 2007*
**Dan Aaron Polster**
**United States District Judge**